**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **RODNEY O. FRANKLIN** **#584662,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **NO. 1:21-CV-00007** |
| **GILES COUNTY,** *et al.*, | ) ) ) | **JUDGE CAMPBELL** **MAGISTRATE JUDGE HOLMES** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Rodney O. Franklin, an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Giles County, Giles County Jail, Lt. f/n/u Sendrell, and Teresa Maddox, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.  PLRA SCREENING STANDARD

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp.*

1

*v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.  SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.  BACKGROUND

In September 2020, Plaintiff filed a federal civil rights action in this Court pursuant to 42 U.S.C. § 1983 arising from an alleged injury he sustained during a previous stay at the Giles County Jail. *See Rodney Franklin v. Giles County, et al.*, No. 1:20-cv-00058 (Campbell, J.). On November 18, 2020, the Court dismissed Plaintiff's action without prejudice for failure to prosecute and failure to comply with the Court's Order. (Doc. No. 7). The Court subsequently denied Plaintiff's motion to reopen the action. (Doc. No. 10). After receiving a second application to proceed in forma pauperis by Plaintiff in December 2020 (Doc. No. 11), the Court informed Plaintiff that if he wanted to pursue his claims, he must file a new lawsuit. (Doc. No. 12).

## IV.  ALLEGED FACTS

The complaint alleges that, at some point in 2016, Plaintiff was incarcerated at the Giles County Jail. During that time, Defendants became aware that Plaintiff has fibromyalgia and suffers from seizures.

On October 27, 2019, Plaintiff was incarcerated again at the Giles County Jail. Because the showers on the bottom tier in A-Pod were out of order, there were no handicapped-accessible showers for Plaintiff's use. Defendants required Plaintiff to go upstairs to take a shower, despite knowing about Plaintiff's medical conditions.  Plaintiff had a seizure and "fell down over 20 steps." (Doc. No. 1 at 5). Plaintiff was taken to Vanderbilt Hospital, where he underwent an MRI. He was diagnosed with a neck and back injury as well as a "nagul" on his lungs. (*Id*.) Plaintiff requested a personal copy of the MRI results but has not been provided with a copy.

Plaintiff has undergone three MRIs in over a year and takes medication for his back and neck pain. He also takes medication for his seizures. According to the complaint, Plaintiff cannot sleep at night and has nightmares about falling. Plaintiff seeks $10,000,000 in punitive damages

3

from the Giles County Jail and Giles County. (*Id.* at 7). He also seeks $50,000 each from

Lieutenant Sendrell and Teresa Maddox in their individual capacities for pain and suffering and as

compensation for his physical injuries as well as an additional $50,000 each from these Defendants

in punitive damages. (*Id.*)

The complaint also alleges that the Giles County Jail "is full of black mold." (*Id*. at 6).

## V.  ANALYSIS

The statute of limitations for a Section 1983 action is the "state statute of limitations

applicable to personal injury actions under the law of the state in which the § 1983 claims arises."

*Eidson v. Tenn. Dep't of Children's Servs*., 510 F.3d 631, 634 (6th Cir. 2007). The applicable

limitations period in Tennessee is one year.  *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir.

2016) (citing *Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 547 (6th Cir. 2000) ).  Here, all of the

events alleged in the complaint occurred in Tennessee.  Accordingly, the statute of limitations for

Plaintiff's Section 1983 claims is one year.

Here, the complaint alleges that Defendants required Plaintiff to shower in an unsafe

location, which resulted in Plaintiff's fall and subsequent injuries on October 27, 2019. Plaintiff

filed this complaint on February 10, 2021. (Doc. No. 1 at  7).[1] Therefore, Plaintiff's claims arising

from events occurring in October of 2019 fall outside the governing one-year statute of limitations

period.  These claims against all Defendants must be dismissed.

The complaint also alleges the Giles County Jail "is full of black mold." (Doc. No. 1 at 6).

The Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*,

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent
extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701
(6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be
forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Plaintiff filed his complaint on February
10, 2021, the date he signed the complaint (Doc. No. 1 at 7), even though the Clerk of Court received and docketed
the complaint on February 26, 2021.

832 F.2d 950, 954 (6th Cir. 1987).  Nor does the Constitution mandate comfortable conditions of confinement.  *Rhodes v. Chapman*, 452 U.S. 337 (1981).  However, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care.  *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982).  The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment.  *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

Even assuming that Plaintiff's allegation regarding black mold falls within the governing statute of limitations, the complaint does not allege that Plaintiff has suffered any harmful effects from the purported black mold at the Giles County Jail.[2]  Without an allegation of injury or harm, a plaintiff does not state a viable Eighth Amendment claim.  *See McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *4 (W.D. Mich. Sept. 10, 2007) (recommending dismissal of pro se prisoner's Section 1983 claim where "Plaintiff does not present any evidence that his exposure to black mold caused him anything beyond his unsubstantiated, perceived risk of future medical issues. In his complaint, he does not allege that he has actually suffered any effects from his alleged exposure to black mold."); *Leonard v. Ohio Dep't of Rehabilitation and Corr.*, No. 2:09-CV-961, 2010 WL 3001631, at *1 (S.D. Ohio July 30, 2010) (adopting the report and recommendation to dismiss pro se prisoner's Eighth Amendment claim based on exposure to black mold, finding that "Plaintiff has not come forward with evidence to show that he is presently suffering a health condition due to exposure to mold and asbestos or that his future health is at risk.").  Furthermore, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and

---

[2] Granted, Plaintiff alleges that his first MRI showed a "nagul" on his lung. (Doc. No. 1 at 5). However, Plaintiff does not link this finding to his allegations of black mold at the jail; rather, he appears to link the finding to his fall in October of 2019.

5

unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. This claim will be dismissed.

## VI. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's claims must be dismissed for failure to state claims upon which relief may be granted under Section 1983. 28 U.S.C. § 1915A. All claims and defendants, therefore, will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

6